IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7:07CR00006 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NYRON JOEL NICHOLS, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is presently before the court on the defendant's motion for a new trial and the defendant's motion for judgment of acquittal. For the following reasons, both motions will be denied.

### Background

The defendant, Nyron Joel Nichols, was charged in a nine-count indictment on January 25, 2007. Count One charged Nichols with conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base, and a measurable quantity of cocaine powder. Counts Two, Four, and Five charged Nichols with distributing a measurable quantity of cocaine powder. Counts Six and Eight charged Nichols with distributing more than 50 grams of cocaine base. Counts Three and Seven charged Nichols with knowingly using or carrying a firearm during and in relation to, or knowingly possessing a firearm in furtherance of, the drug trafficking crimes described in Counts Two and Six, respectively.

A jury trial was held on December 17, 18, and 19, 2007. The defendant was ultimately convicted of Counts One, Two, Four, Five, Six, Seven, and Eight. He was acquitted of Count Three.

On January 7, 2008, the defendant filed a motion for a new trial, challenging the admission of certain trial exhibits. The defendant also filed a motion for judgment of acquittal, claiming that the evidence was insufficient to sustain his conviction of Count Seven. The government filed a response to the defendant's motions, and a hearing was held on February 28, 2008.

## Discussion

I.   Motion for a New Trial

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The United States Court of Appeals for the Fourth Circuit has observed that a court "should exercise its discretion to grant a new trial sparingly, and that it should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (internal quotations and citations omitted).

In moving for a new trial, the defendant challenges the admission of the following evidence found in the defendant's residence[1]: photographs of Nichols and other individuals posing with firearms; a silver-threaded cylinder introduced by the government as a silencer; books on silencers; a threaded pistol barrel; and an assortment of firearm parts and ammunition. Nichols argues that none of this evidence was relevant and that it was unduly prejudicial. However, for the following reasons, the court disagrees.

---

[1] The court notes that the residence, located at 3339 Valley View Avenue in Roanoke, was leased to Nichols' co-defendant, Eduardo Riles. However, the evidence at trial established that the defendant lived in the residence.

2

All relevant evidence is admissible under Rule 402 of the Federal Rules of Evidence, "except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Fourth Circuit has "often observed" that "relevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). "Indeed, to be admissible, evidence need only be 'worth consideration by the jury,' or have a 'plus value.'" Id. (quoting United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997)).

With these principles in mind, the court concludes that all of the challenged evidence was admissible under Rule 402. The photographs, firearm parts, ammunition, and silencer-related items were offered to show that the defendant had access to and/or possessed firearms, and thus, were clearly relevant to Counts Three and Seven, which charged the defendant with violating 18 U.S.C. § 924(c). The evidence was also admissible to prove the existence of the drug conspiracy charged in Count One of the indictment. The Fourth Circuit has consistently held that firearm evidence is relevant to the issues raised in drug conspiracy cases. See United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999); United States v. Collazo, 732 F.2d 1200, 1206 (4th Cir. 1984). Additionally, the Court has recognized that firearms "are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." Ward, 171 F.3d at 195. Consequently, because the challenged evidence was relevant to the § 924(c) counts, and to show

3

that Nichols and others possessed "tools of the drug trade," the evidence was admissible under Rule 402.

The defendant also argues that even assuming that the challenged evidence was relevant, the evidence was nonetheless inadmissible under Rule 403 of the Federal Rules of Evidence, because its probative value was "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice," as used in this context, is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Fed. R. Evid. 403, Advisory Committee Notes. In discussing Rule 403, the Fourth Circuit has emphasized that the Court "generally favor[s] admissibility," and that it "will find undue prejudice only if there is 'a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" United States v. Wells, 163 F.3d 889, 896 (4th Cir. 1998) (quoting United States v. Bailey, 990 F.2d 119, 123 (4th Cir. 1993)).

In the present case, the court concludes that the challenged photographs, firearm parts, ammunition, and silencer-related items had probative value, and that the probative value of the evidence was not "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added). Furthermore, the court is convinced that there is no genuine risk that the admission of the challenged evidence incited the emotions of the jury to irrational behavior. Wells, 163 F.3d at 896. Accordingly, the evidence was properly admitted, and the court will deny the defendant's motion for a new trial.

4

II. <u>Motion for Judgment of Acquittal</u>

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the court may enter a judgment of acquittal after a jury has returned a verdict against a defendant. Fed. R. Crim. P. 29(a). However, this court must uphold the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). The Fourth Circuit has defined "substantial evidence" as that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Newsome</u>, 322 F.3d 328, 333-334 (4th Cir. 2003) (internal quotations and citations omitted). In reviewing the sufficiency of the evidence, the court does not assess the credibility of witnesses and assumes that the jury resolved contradictions in testimony in the government's favor. <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998).

In this case, the defendant argues that there was insufficient evidence to sustain a conviction on Count Seven of the indictment. Count Seven charged the defendant with using or carrying a firearm during and relation to, and possessing such firearm in furtherance of, the drug trafficking crime described in Count Six of the indictment, on December 22, 2006. Count Six of the indictment charged the defendant with distributing more than 50 grams of cocaine base on that date. The jury found the defendant guilty of Count Six, and the defendant does not challenge that conviction. Thus, the only question is whether any reasonable trier of fact could find that the defendant used or carried a firearm during and in relation to the drug trafficking crime that occurred on December 22, 2006, or possessed a firearm in furtherance of that crime.

5

The mere presence of a firearm at the scene of a drug trafficking crime is insufficient to establish that a defendant possessed a firearm in furtherance of such crime. United States v. Ceballos-Torres, 218 F.3d 409, 414 (5th Cir. 2000). Instead, the government must present evidence indicating that the possession "furthered, advanced or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). When making this factual determination, the fact finder may take into account the numerous ways in which a firearm might further or advance a drug trafficking crime:

> For example, a gun could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted. Additionally, a gun might enable a drug trafficker to ensure that he collects during a drug deal. And a gun could serve as protection in the event that a deal turns sour. Or it might prevent a transaction from turning sour in the first place.

Id. Additionally, the Fourth Circuit has recognized a nonexclusive list of factors that might lead a finder of fact to conclude that a connection existed between a defendant's drug activity and his possession of a firearm, including:

> "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or legal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."

Id. (quoting Ceballos-Torres, 218 F.3d at 414-415).

Viewing the evidence in this case in the light most favorable to the government, the court concludes that there was sufficient evidence for a reasonable jury to conclude that the defendant possessed a firearm on December 22, 2006, and that he did so in furtherance of a drug trafficking crime that occurred on that date. The evidence at trial revealed that John Roland, a confidential

6

informant, assisted government agents in arranging controlled meetings between Roland and the defendant. One such meeting occurred on December 22, 2006, when Roland arranged to obtain cocaine base from the defendant. Following several recorded phone conversations between Roland and the defendant, Roland traveled to the defendant's residence on Valley View Avenue, at the defendant's request. Upon entering the house, Roland waited for the defendant in the kitchen. Roland testified that the defendant subsequently entered the kitchen, removed the cocaine base from his waist, and weighed it on a scale. Roland testified that the defendant then advised him how much money he needed to bring back for the drugs. When asked whether he saw any guns at that time, Roland testified that a gun was on the table, which he described as being small like a pistol.

Based on Roland's testimony, a rational trier of fact could find that the defendant possessed the gun observed by Roland. See United States v. Daley, 107 Fed. Appx. 334, 338 (4th Cir. 2004) (explaining that possession, for purposes of § 924(c), may be actual or constructive and that it may be shared with others). A rational trier of fact could also find that the gun was possessed in furtherance of a drug trafficking crime, given the fact that the gun was observed in the same room where the cocaine base was weighed and distributed, and the fact that it was readily accessible to the defendant. See Lomax, 293 F.3d at 705; see also United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.").

Accordingly, the court will deny the defendant's motion for judgment of acquittal as to Count Seven.[2]

## Conclusion

For the reasons stated, the court will deny the defendant's motion for a new trial and his motion for judgment of acquittal. The Clerk is directed to send a certified copy of this order to all counsel of record.

ENTER: This 20th day of March, 2008.

/s/ Jackson L. Kiser
United States District Judge

---

[2] The court notes that in addressing whether the evidence was sufficient to support the defendant's conviction of Count Seven, both the defendant and the government refer to a transcript and/or audio recording of a meeting between the confidential informant and the defendant. However, according to the testimony of Sergeant Eric Charles, who assisted with the investigation, the meeting that occurred on December 22, 2006 was not recorded, because the recording device malfunctioned. It appears that the transcript and/or audio recording referenced by the parties is from a December 27, 2006 controlled meeting between the confidential informant and the defendant, during which the confidential informant paid for the drugs that he obtained from the defendant on the earlier date. Because Count Seven specifically charges the defendant with violating § 924(c) on December 22, 2006, the court limited its review to the evidence pertaining to the controlled meeting that occurred on that date.

8