

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7:07CR00006 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| NYRON JOEL NICHOLS, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | United States District Judge |

This case is presently before the court on the defendant's third motion to set aside the verdict and grant new trial and the defendant's additional motion to set aside the verdict and grant new trial. For the following reasons, both motions will be denied.

## BACKGROUND

The defendant, Nyron Joel Nichols, was charged in a eight-count indictment on January 25, 2007. On December 19, 2007, after a three day trial, a jury found the defendant guilty of conspiring to distribute and possess with intent to distribute a mixture or substance containing more than 50 grams of cocaine base, and a measurable quantity of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Nichols was also found guilty of distributing cocaine powder (Counts 2, 4, and 5), distributing cocaine base (Counts 6 and 8), and possessing a firearm in furtherance of the drug trafficking crime described in Count 6 of the indictment (Count 7). The jury found the defendant not guilty of a second charge of possessing a firearm in furtherance of a drug trafficking crime (Count 3).

Nichols previously filed a motion for a new trial with respect to Counts 1, 2, 4, 5, 6, and 8, on the basis that the government introduced evidence that was irrelevant and more prejudicial than probative. Nichols also moved for judgment of acquittal with respect to Count 7, arguing

that the government failed to produce sufficient evidence to establish that he used or possessed the firearm in the commission of the related drug transaction. The court denied both motions in a memorandum opinion dated March 20, 2008.

Nichols has now filed two new motions for a new trial claiming (1) that the government failed to provide his counsel with all the available exculpatory evidence, and (2) that certain witnesses were not kept separated during the trial. The government filed a response to the defendant's motions, and a hearing was held on April 28, 2008.

## DISCUSSION

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The United States Court of Appeals for the Fourth Circuit has observed that a court "should exercise its discretion to grant a new trial sparingly, and that it should do so only when the evidence weighs heavily against the verdict." United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003 (internal quotations and citations omitted).

**I.      Third Motion to Set Aside the Verdict and Grant New Trial**

In his "third" motion for a new trial, Nichols contends that the government failed to provide him with all available exculpatory evidence in that he claims the testimony at trial of the following witnesses differed from their statements given to Special Agent Blais prior to trial: Michael Eugene Loveless, Jetaime Vaun Arrington, Antwann Tyrell Banks, Danny Clement, and John Bernard Rowland. Nichols argues that the government was aware that these witnesses were prepared to give different testimony at trial than that given previously to the agent. Nichols then contends that the government should have informed him that these witnesses were prepared to

2

depart from their prior statements immediately upon becoming aware of this fact. In the alternative, Nichols claims that the government should have been required to point out any inconsistencies at the time of the witnesses' testimony at trial.

The government is required to disclose to the defendant all material exculpatory evidence in accordance with Brady v. Maryland, 373 U.S. 83 (1963). For the defendant to prove a violation of the requirements of Brady, he must show that (1) the evidence is favorable to the accused; (2) the evidence was suppressed by the government, either willfully or inadvertently, and (3) the suppression was material, i.e., it must have prejudiced the defendant at trial. Banks v. Dretke, 540 U.S. 668, 691 (2004); Lovitt v. True, 403 F.3d 171, 183 (4th Cir. 2005). Evidence will be deemed material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Lovitt, 403 F.3d at 183 (internal citation omitted).

With regard to the testimony and pre-trial statements of witnesses Loveless, Arrington, Banks and Rowland, the defendant has failed to point to any particular examples of inconsistencies, either in the written brief he submitted to the court or at the hearing on this motion. The government contends that it provided all of these witnesses' statements to Agent Blais to defense counsel prior to trial and interviewed all the witnesses prior to trial, failing to note any material inconsistencies. The defendant does not deny that he received and identified the statements of all these witnesses. Furthermore, Agent Blais testified that the statements of these witnesses were not significantly inconsistent with their testimony at trial. Therefore, the court concludes that there has been no Brady violation with regard to the witness statements which were provided to the defendant during discovery. In addition, the court notes that any

3

minor inconsistencies between those statements and the witnesses' testimony were subject to vigorous cross-examination by the defendant at trial.

Nichols next contends that the statements made by Loveless, Arrington, and Banks to Agent Blais prior to trial are inconsistent with certain evidence regarding Nichols' activities at particular points in time and that such inconsistencies should have been noted by the government as exculpatory evidence. In particular, Nichols asserts that these witnesses discussed being involved in the drug business with Nichols during a time when Nichols was actually residing in New York and could not have been a participant in such activities in the Western District of Virginia. Agent Blais testified, however, that he was not aware that Nichols may have been residing in New York in the late 1990's, but he did learn that Nichols was going back and forth between New York and Virginia during that time. Therefore, the government contends that these statements are not actually inconsistent with the other evidence available to the parties regarding Nichols' whereabouts during the relevant time period.

The court is constrained to agree with the government's position. Even if it is accurate that Nichols was officially residing in New York in the late 1990's, this residency did not foreclose his opportunity to remain involved in the drug business in Virginia during that time period during his travels to the area. Therefore, the court concludes that the government was under no obligation to point to any of the facts included in these statements as possible exculpatory evidence because they were not materially inconsistent with other available evidence. The court also notes that there is no evidence to indicate that the defendant did not receive all of the statements prior to trial and that any inconsistencies between those statements and the witnesses' trial testimony would have been just as apparent to the defendant as they

4

would have been to the government. As a result, the defendant had the full opportunity to cross-examine these witnesses with regard to any of the information included in their statements or in their testimony at trial.

The defendant next focuses on the statement and trial testimony of Danny Clement, a key witness for the government. Counsel for the defense received a typed statement shortly before trial in which the name of the individual making the statement had apparently been redacted. This statement was provided by the Office of the United States Attorney in North Carolina and was not taken by Agent Blais. The individual making the statement was identified as Source of Information ("SOI") # 9. The defense was also provided with a separate listing of the various SOIs used during the investigation in which the SOI's name was listed along with his or her corresponding number. SOI # 9 was identified on that list as Danny Clement. Counsel for the defendant, however, did not match up the statement with Clement for whatever reason. The defendant now contends that this statement includes information inconsistent with the testimony Clement gave at trial with regard to the time frames during which Clement testified he was engaged in drug transactions with Nichols and that it should have been specifically identified by the government as exculpatory evidence once Clement testified. The defendant also argues that this redacted statement was provided in violation of the court's order requiring the government to furnish unredacted copies of witness statements.

With regard to the court's order of December 11, 2007 requiring the government to provide unredacted copies of impeachment and/or exculpatory evidence, the court finds that the government substantially complied with the order by providing the defendant with a list of SOI's which could easily be used to identify the SOI by number on any statements or other documents.

5

The court also concludes that the defendant had the full opportunity to readily identify SOI # 9 as Danny Clement and simply failed to do so. Once the government provided this information, it had no further duty to point to this statement as potentially exculpatory. See Hoke v. Netherland, 92 F.3d 1350, 1355 (4th Cir. 1996) (holding that "[t]he strictures of Brady are not violated . . . if the information allegedly withheld by the prosecution was reasonably available to the defendant").

The court also finds that the alleged inconsistencies identified by Nichols, such as the fact that Clement's statement indicated he was obtaining drugs from an individual other than Nichols, may have weighed somewhat against Clement's credibility at trial, but were not necessarily inconsistent with his trial testimony, in that it was equally possible that Clement was obtaining drugs from two sources, both Nichols as well as another individual. As a result, none of the alleged inconsistencies identified by Nichols in Clement's statement lead the court to believe that the result of Nichols' trial would have been any different had the jury learned of the information included in Clement's pre-trial statement. In addition, the court notes that Clement was subject to a lengthy cross-examination while on the stand during which the defendant had the opportunity to question him regarding the full extent of his dealings with Nichols. Therefore, for all of the foregoing reasons, the defendant's third motion to set aside the verdict and grant new trial will be denied.

## II. Motion to Set Aside the Verdict and Grant New Trial

In the defendant's additional motion to set aside the verdict and grant a new trial, he claims that the court granted his motion to sequester witnesses, but that several witnesses were housed in the same cell in the lockup while awaiting their turn to testify. These witnesses

6

included: Michael Eugene Loveless, Jetaime Vaun Arrington, Danny Lee Clement, Antwann Tyrell Banks and Jimmy Bernard Still. Nichols further contends that some of these individuals were also housed in the same pod at Roanoke City Jail. Nichols argues that he is entitled to a new trial because these critical witnesses were testifying in order to obtain substantial assistance motions from the government and should have been separated to ensure that the defendant received a fair trial.

The government notes that all of these witnesses were federal prisoners and were held in lockup both before and after their testimony. The government asserts that the defendant has failed to point to any particular act of collusion and that his concerns are purely speculative. The government also contends that these testifying inmates were treated in identical fashion to testifying inmates in other criminal trials. Finally, the government argues that the defendant had a full and fair opportunity to address this issue with each witness during cross-examination, and that the questions posed by defense counsel indicated that he was aware that the witnesses were being kept in the lockup together.

> Federal Rule of Evidence 615 provides as follows:
>
> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

By its own terms, then, Rule 615 "serves only to exclude witnesses from the courtroom." U.S. v. Rhynes, 218 F.3d 310, 316 (4th Cir. 2000) (en banc). There is no requirement under the rule that witnesses be physically separated from one another before or after their testimony. The court

7

agrees that the witnesses were subject to cross-examination by counsel for the defendant and that they were, in fact, questioned with regard to any contact they may have had with one another. The court also concludes that the concerns raised by the defendant are purely speculative in that the defendant has failed to present any evidence regarding the content of any particular conversations the inmate witnesses may have had with one another that could have prejudiced the defendant in this case. Therefore, the defendant's additional motion to set aside the verdict and grant a new trial will be denied.

The Clerk of Court is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of June, 2008.

_____
United States District Judge

8