CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 09 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NYRON NICHOLS, | ) <br> ) <br> ) |
| | ) Case No. 7:11CV00084 <br> ) (Case No. 7:07CR00006) |
| v. | ) <br> ) **MEMORANDUM OPINION** <br> ) |
| WILLIAM M. SYDNOR, JR., | ) By: Glen E. Conrad <br> ) Chief United States District Judge |

Petitioner Nyron Nichols, a federal inmate proceeding pro se, submitted what he styled as a "PETITION FOR INJUNCTIVE RELIEF" (hereinafter, "the petition"). As authority for the court's jurisdiction over the matter, Nichols cites 28 U.S.C. § 1331 and Fed. R. Civ. P. 65. Because these provisions are civil in nature and the petition sought injunctive relief against a federal official, the court docketed it as both a complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and a motion for preliminary injunctive relief. Upon further review of Nichols' petition and the record, however, the court concludes that the petition is properly addressed as a motion in the criminal proceedings, Case No. 7:07CR00006.

The record reflects that Nichols' criminal conviction is currently on appeal in the United States Court of Appeals for the Fourth Circuit. In his current petition, Nichols states that he has been corresponding with his federal probation officer, William M. Sydnor, Jr.,[1] and Sydnor's supervisor, seeking to discover whether Sydnor's request for Nichols' educational data from the

---

[1] The court will direct the clerk to correct the style of the case to reflect the proper spelling of the parties' names: Nyron Nichols v. William M. Sydnor, Jr.

East New York High School of Transit Technology (TTHS) included a request for specific information about Nichols' school attendance and whether the school ever returned such information to the officer.[2] Not satisfied with responses he has received, Nichols now asks the court for an injunction to "gain probation records." Specifically, he requests: "a copy of the filled out form and documents used to request [Nichols'] [s]chool transcript [from TTHS] and a copy of all documentation released from [TTHS]–including cover letter, etc.,–except for the four (4) pages provided" to defense counsel and the court at sentencing.

The court concludes, from the nature of Nichols' petition, that it is more appropriately construed as a simple request for records. Therefore, the court will direct the clerk to close this civil action for administrative reasons and to docket Nichols' motion in Case No. 7:07CR00006 as a request for copies.

In response to Nichols' request, the court asked Sydnor to review his probation file on Nichols' case and to prepare a declaration outlining the chronology of his attempts to obtain Nichols' educational data from TTHS. Sydnor's declaration has been received and filed in Nichols' criminal case. Along with the declaration, Sydnor has provided Nichols with: a copy of the letter from defense counsel providing the address for TTHS (Attachment I); a copy of the standard request form used to obtain educational data for purposes of a presentence investigation (Attachment II); and a copy of the five-page fax the probation office received from TTHS on

---

[2] It appears that Nichols seeks this information in support of a post-conviction claim that his school attendance records, which he has obtained through other sources, prove that he is actually innocent of certain drug trafficking offenses and that the probation officer somehow acted in bad faith by failing to obtain the attendance records before sentencing. Nichols is hereby advised that any claims attacking the validity of his conviction and/or his sentence may be appropriately presented in a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, once he has exhausted his opportunities for direct appellate review. Therefore, the court will not reach any such claims in addressing his current motion. The court finds no evidence, however, that the probation officer acted in bad faith in any respect.

April 1, 2008 (Attachment III). Sydnor provided this fax to defense counsel, and at Nichols' July 9, 2008 sentencing hearing, counsel moved for admission of the five-page fax as Defendant's Exhibit 2. (ECF No. 147, pp. 3-7). Sydnor states that other than these faxed documents, he has no record and no memory of receiving any other documentation from TTHS in response to his request for educational data on Nichols.

From the court's own review of the record and Sydnor's declaration, the court is satisfied that the attachments to the probation officer's declaration constitute the only existing documentation related to the officer's request for education data from TTHS. Therefore, as to these records, Nichols' motion is granted. To the extent that Nichols seeks to obtain any additional records related to the officer's request, however, the motion must be denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 9th day of March, 2011.

_____
Chief United States District Judge