IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NYRON JOEL NICHOLS, )<br>)<br>  Defendant. ) | Criminal Action No. 7:07CR0006<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

Defendant Nyron Joel Nichols, through counsel, has filed a motion for reduction of sentence pursuant to Section 404 of the First Step Act of 2018. The motion has been fully briefed and is ripe for review. For the following reasons, Nichols will be granted a partial sentence reduction.

## Background

On December 19, 2007, a jury convicted Nichols of conspiring to possess with intent to distribute 50 grams or more of cocaine base and a measurable quantity of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 846; three counts of distributing a measurable quantity of cocaine powder, in violation of 21 U.S.C. § 841(a)(1); two counts of distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). At the time of Nichols' convictions, a violation of § 841(a)(1) involving 50 grams or more of cocaine base carried a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006). Nichols was also subject to a mandatory consecutive term of imprisonment of five years to life for the § 924(c) charge.

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). The probation officer determined that Nichols was responsible for 9.06 kilograms of

cocaine base, which gave rise to a base offense level of 38 under the then-existing version of § 2D1.1(c)(1) of the United States Sentencing Guidelines. The probation officer also applied a three-level leadership enhancement and a two-level enhancement for obstruction of justice, resulting in a total offense level of 43. Because Nichols had no criminal history points, he was assigned a criminal history category of I. Based on a total offense level of 43 and a criminal history category of I, the guideline range of imprisonment was life, plus 60 months on the firearm count.

Nichols appeared for sentencing on July 9, 2008. At that time, the court adopted the calculations in the PSR. The court imposed a life sentence on the counts involving cocaine base, concurrent 240-month sentences on the counts involving cocaine powder, and a consecutive 60-month sentence on the firearm count. The court also imposed a total term of supervised release of five years.

In 2015, Nichols received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. The court reduced Nichols' total term of imprisonment to 384 months, the lowest possible sentence that the court was authorized to impose. See U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.").

Nichols now seeks a sentence reduction under Section 404 of the First Step Act. He specifically requests that the court reduce his total term of incarceration from 384 months to 195 months. The government opposes the motion, arguing that a variance below the applicable

guideline range is not warranted. The parties have declined to be heard on the motion, and the matter is ripe for disposition.

## Discussion

Motions for a sentence reduction based on the First Step Act fall under 18 U.S.C. § 3582(c)(1)(B), which "authorizes courts to 'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.'" United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020) (citations omitted). When applying § 3582(c)(1)(B), the court "look[s] to the underlying statute to determine what it expressly provides." Id. Here, the defendant's motion is based on Section 404 of the First Step Act.

As the United States Court of Appeals for the Fourth Circuit has explained many times in recent opinions, "Section 404 makes retroactive the provisions of the Fair Sentencing Act of 2010 that reformed crack cocaine sentencing." United States v. Woodson, 962 F.3d 812, 813 (4th Cir. 2020) (citations omitted). Section 404(b) provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (citation omitted). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222 (citation omitted). "Thus, a defendant convicted before the passage of the Fair Sentencing Act of violating a statute the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act is eligible for a sentence reduction if his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act." Woodson, 962 F.3d at 814.

Under existing precedent, Nichols is clearly eligible for a sentence reduction. Each of Nichols' offenses involving 50 grams or more of cocaine base, or crack cocaine, is a "covered offense" for purposes of the First Step Act. The offenses were committed before August 3, 2010, and the applicable statutory penalties were modified by Section 2 of the Fair Sentencing Act. As relevant here, Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010); see also 21 U.S.C. § 841(b)(1)(A)(iii) (2018). By changing the quantity of crack cocaine to which Subsection (b)(1)(A) applies, the Fair Sentencing Act "modified" the statutory penalties of that section for purposes of the First Step Act. Woodson, 962 F.3d at 815. Thus, Nichols is serving a sentence for a "covered offense," and he is eligible for a sentence reduction. See United States v. Wirsing, 943 F.3d 175, 178 (4th Cir. 2019) (explaining that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) . . . is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act") (citation omitted).

When the Fair Sentencing Act is retroactively applied in Nichols' case, the statutory sentencing range for his cocaine base offenses is five to 40 years' imprisonment and at least four years of supervised release. See 21 U.S.C. § 841(b)(1)(B) (2018) (setting forth the statutory penalties applicable to offenses involving 28 grams or more of cocaine base). The guideline range of imprisonment is 324 to 405 months, plus 60 months for the firearm offense.

Nichols has been in federal custody since his arrest on January 3, 2007. He has therefore served approximately 164 months in prison. His projected release date, with credit for good conduct, is May 7, 2034.

Upon review of the record, the court concludes that a reduction is appropriate in Nichols' case. In reaching this decision, the court recognizes that the applicable guideline range of imprisonment has not changed since 2015, when Nichols received a reduction under Amendment 782. Under existing precedent, however, this does not restrain the court's discretion to reduce a defendant's sentence under Section 404 of the First Step Act. Instead, the advisory guideline range is one of many considerations that the court takes into account in exercising its discretion within the Section 404 framework. See Chambers, 956 F.3d at 672. The court also considers other sentencing factors set forth in 18 U.S.C. § 3553(a),[*] as well as the defendant's post-sentencing conduct. Id. at 674. Consistent with other circuits, the Fourth Circuit has agreed that "the court may vary from the Guidelines" in this context and that a defendant's post-sentencing conduct may support a downward variance. Id.

In this case, the offense conduct was extremely serious. Nichols was the leader of a large-scale drug trafficking conspiracy that introduced significant quantities of crack cocaine and cocaine powder into the community, and he possessed and carried firearms in relation to the conspiracy. On the other hand, unlike many federal defendants, Nichols had zero criminal history points at the time of sentencing. Additionally, and perhaps more importantly, his post-sentencing conduct has been exemplary. According to a January 2020 progress report, Nichols has completed nearly 30 educational courses, as well as a non-residential drug treatment program. See Def.'s Ex. 2, ECF No. 342-1. Nichols has also maintained employment while incarcerated and "has consistently earned excellent work evaluations." Id. Despite being

---

[*] Section 3553(a) directs the sentencing court to consider: "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, [and] (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." Rita v. United States, 551 U.S. 338, 347–48 (2007).

incarcerated for over thirteen years, Nichols has accumulated only two incident reports, neither of which was for severe misconduct, and he has maintained "clear conduct for the last seven years of his incarceration." Id.  A correctional counselor has advised that Nichols "interacts with inmates and staff in a respectful and positive manner on and off his assigned [work] detail" and that he is "a positive role model for other inmates." Def.'s Ex. 5, ECF No. 342-1.  A teacher within the Bureau of Prisons has described Nichols' transcript as "one of the most impressive reports that [he has] encountered during [his] career." Id.  Nichols has submitted letters of support from former inmates attesting to his positive influence in their lives, and the court has received numerous letters from other friends and family members.

After considering the parties' arguments, the applicable § 3553(a) factors, and Nichol's post-sentencing rehabilitation efforts, the court will vary downward from the applicable guideline range and reduce Nichols' total term of imprisonment from 384 months to 240 months. Given the particular circumstances of this case, the court finds that a total term of imprisonment of 240 months is sufficient, but not greater than necessary, to achieve the sentencing objectives articulated in § 3553(a).  To the extent that Nichols specifically requested a reduced sentence of 195 months, the court does not believe that such a reduction would adequately reflect the seriousness of Nichols' offense, provide just punishment, or promote respect for the law.

## Conclusion

For the reasons stated, Nichols' motion for a sentence reduction under Section 404 of the First Step Act will be granted in part and denied in part.  His total term of imprisonment will be reduced to 240 months.  All other terms of the original sentence, including the total term of supervise release of five years, will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This __21st__ day of September, 2020.

                                                                                  Senior United States District Judge